# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Gregory Payne Sloan, Respondent.

Appellate Case No. 2019-001792

Opinion No. 27936
Submitted December 12, 2019 – Filed January 22, 2020

## DEFINITE SUSPENSION

John S. Nichols, Disciplinary Counsel, and Joseph P.
Turner, Jr., Senior Assistant Disciplinary Counsel, both
of Columbia, for the Office of Disciplinary Counsel.

Gregory Payne Sloan, of Indianapolis, Indiana, *pro se*.

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (the Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR.  In the
Agreement, Respondent admits misconduct and consents to the imposition of a
definition suspension of two to three years.  Respondent requests the sanction be
made retroactive to January 13, 2017, the date of his interim suspension.  *See In re
Sloan*, 419 S.C. 42, 795 S.E.2d 856 (2017).  We accept the Agreement and suspend
Respondent from the practice of law in this state for three years, retroactive to the
date of his interim suspension.  The facts, as set forth in the Agreement, are as
follows.

## Facts

Respondent fell behind on his billable hours and started falsifying his time.  In
addition, Respondent was not always truthful with clients regarding their cases in
an attempt to cover for his uncompleted work.  Respondent also made false reports
on his expense reports.  Specifically, Respondent altered hotel bills and flight bills

and received reimbursement for trips that were not made and client dinners that did not actually occur. Respondent submitted false expenses approximately twenty-five times for a total amount in excess of $5,000. The exact amount of falsely billed time exceeded thirty-five hours.

## Law

Respondent admits that by his conduct he has violated Rules 1.3 (diligence), 1.5 (fees), 8.4(d) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(e) (engaging in conduct prejudicial to the administration of justice), RPC, Rule 407, SCACR.

Respondent also admits his conduct constitutes grounds for discipline pursuant to Rule 7(a)(1), RLDE, Rule 413, SCACR (violating or attempting to violate the Rules of Professional Conduct), Rule 413, SCACR.

## Conclusion

We find Respondent's misconduct warrants a definite suspension from the practice of law in this state. Accordingly, we accept the Agreement and suspended Respondent for a period of three (3) years, retroactive to the date of his interim suspension. Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission), or enter into a reasonable payment plan with the Commission, within thirty (30) days of the date of this opinion.

Additionally, we remind Respondent that, prior to seeking reinstatement, he must demonstrate his compliance with Rule 33, RLDE, Rule 413, SCACR (reinstatement following a definite suspension of nine months or more), including completion of the Legal Ethics and Practice Program Ethics School within one year prior to filing a petition for reinstatement. Further, upon reinstatement, Respondent shall sign a two-year monitoring contract with Lawyers Helping Lawyers that includes the filing of quarterly reports with the Commission.

Finally, within fifteen (15) days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR (duties following suspension).

**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**